McKinney, J.
delivered the opinion of the court.
This bill was filed in the Chancery Court at Knoxville, on the 12th day of April, 1844, and on the 8th day of March, 1845, the parties, by their own act, mutually agreed to submit the cause to the decision of arbitrators selected by themselves, who, on the 23d day of May thereafter, made an award. The submission was by bond, which was properly executed by all the parties, except James K. Cox — his name was signed thereto by Madison Cox, whose authority for doing so is not shown in the record. The submission was not made a rule of court, nor did it provide that the award should be made the decree of the court, or that the jurisdiction of the court over the cause should be continued. At the October term of said court, the defendants moved a discontinuance of the cause, and the Chancellor allowed the motion and decreed accordingly, from which order and decree an appeal has been prosecuted to this court. It is well settled in this state, and also in other states of this union, that if the parties to a suit in court, by their own voluntary act, submit the cause to the decision of arbitrators, whether the submission be by bond or parol — without providing' in the submission that the award shall be made the judgment or decree of the court in which the suit is pending, or that the jurisdiction of the court over the cause shall be continued, notwithstanding *143 tbe submission, and such reference will operate a discontinuance of tbe suit, 10 Yer. Rep., 439, 6 Humph. 29, and cases there cited, and we hold that this rule is applicable to causes in a court of Chancery in like manner as in a court of law. The reason of the rule — viz, that two different tribunals cannot, at the same time, have jurisdiction and control of the cause, independently of each other, applies with equal force to both courts. It is insisted, however, by the counsel for the complainant, that the rule is inapplicable to the case under consideration — on the ground, as they allege, that the submission was ineffectual and inoperative, because the bond was not executed by James K. Cox, and that the submission, for that reason, not being obligatory upon him, could not be so upon the other parties, and it is argued that such invalid submission is to be regarded as a nullity, and cannot, therefore, have the effect of working a discontinuance. "We cannot assent to this reasoning. The legal consequence of discontinuance does' not at all depend upon the validity of the submission as between the parties to the suit, nor upon the validity of the award, but, upon the simple fact, that the parties, by their own- voluntary act, have withdrawn the cause from the jurisdiction of the court, in which it was pending; and submitted it to another tribunal of their own selection. And whether or not the submission bond, or agreement, be of a character to bind the parties, or to furnish an adequate mutual remedy, in ease of the breach of the agreement, or condition of the bond, are matters which have no relation to, or effect upon, the question of discontinuance. The court is alike divested of jurisdiction of the cause upon either hypothesis. We think there is no error in the order of the Chancellor discontinuing this cause.